UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZHI CHEN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. )<br>) | C.A. No. 08-0252 (PLF) |

**DISTRICT OF COLUMBIA, CHANCHAM SPEARS, AND NICOLE HA'S MOTION TO DISMISS**

Defendants District of Columbia (the "District") and Metropolitan Police Department Officers Nicole Ha and Chancham Spears, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(5), respectfully request that the Court dismiss them from this lawsuit. As demonstrated more fully in the accompanying Memorandum of Points and Authorities, Plaintiff has failed to properly serve these Defendants and thus dismissal is appropriate.

Because this motion is dispositive in nature, LCvR 7(m) is not applicable.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

  /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II

/s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZHI CHEN )<br>)<br>Plaintiff, )<br>) C.A. No. 08-0252 (PLF)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. )<br> ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT OF COLUMBIA, CHANCHAM SPEARS AND NICOLE HA'S MOTION TO DISMISS**

Defendants District of Columbia (the "District") and Metropolitan Police Department ("MPD") Officers Nicole Ha and Chancham Spears, by and through their undersigned counsel, respectfully request that the Court dismiss them from this matter as Plaintiff has failed to properly serve them with process as required by Fed. R. Civ. P. 4.

   **I.**   *Factual Background*

On January 9, 2008, Plaintiff filed the above-captioned matter in the Superior Court of the District of Columbia against the District, Officer Ha, Officer Spears, MPD Officer Charles D. Monk, and Red Roof Inns, Inc. seeking damages for an alleged false arrest that occurred on April 21, 2007 where Plaintiff was purportedly detained for failing to pay a bill at the Red Roof Inn on 6th & H Streets, NW.  *See* Compl. *passim.*  Plaintiff has asserted causes of action of "personal injury," false arrest and imprisonment, intentional infliction of emotional distress, negligence, gross negligence, negligent supervision and training, and violation of civil rights pursuant to 42 U.S.C. § 1983.

Because the case presented a federal question, the District removed this matter to this Court on February 14, 2008.

Service of process on Officer Ha was attempted on February 6, 2008. *See* Ex. 1 (Ha Decl.). As Officer Ha states, the summons and complaint were delivered via certified mail and received by a security guard at MPD's Asian Liaison Unit where Officer Ha currently is assigned. *Id.* Officer Ha was not personally served with the summons and complaint, and the security guard is not authorized to accept service on behalf of Officer Ha. *Id.*

Similarly, service of process on Officer Spears was also attempted by certified mail at Officer Spears' place of business, the Asian Liaison Unit. *See* Ex. 2 (Spears Decl.). The summons and complaint were received by a security guard and not by Officer Spears. *Id.* The security guard is not authorized by Officer Spears to accept service of process on her behalf. *Id.*

Service of process apparently was attempted on the District of Columbia by way of certified mail, return receipt requested. Ex. 3. It appears that the envelopes containing the summons and complaint were addressed generically to the Mayor and the Office of the Attorney General, and not to any of the individuals that are authorized to receive service of process on behalf of the Mayor or the Attorney General. *Id.* Undersigned counsel has been unable to confirm whether service has been attempted on Officer Monk, and there is no indication in the record that it has been attempted.

**II.     *Standard of Review***

Pursuant to Fed. R. Civ. P. 12(b)(5), a party can request that the Court dismiss a complaint for insufficient service of process. *Johnson v. Ashcroft*, 2005 U.S. Dist.

LEXIS 17961 (Aug. 17, 2005 D.D.C.).  Service of process "Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of proper service of summons must be satisfied to assure notice to the defendant."  *Toms v. Hantman,* 2008 U.S. Dist. LEXIS 2198 *4 (Jan. 14, 2008 D.D.C.) (Freidman, J.) (citing *GTE New Media Services, Inc. v. Ameritech Corp.*, 21 F. Supp. 2d 27, 36 (D.D.C. 1998)).  The burden of establishing personal jurisdiction, and thus proof of proper service, falls on the plaintiff.  *Id., see also Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) ("The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.") (internal quotations omitted).

III. ARGUMENT

  A. **Plaintiff Has Failed to Effectuate Proper Service of Process on Officer Ha or Officer Spears**

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. With respect to service upon an individual, Rule 4 provides, in pertinent part, as follows:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
>
>  (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
>   (2) doing any of the following:
>        (A) delivering a copy of the summons and of the complaint to the individual personally;
>        (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

3

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). With respect to the provision of Fed. R. Civ. P. 4(e)(1), Superior Court Civil Procedure Rule 4(e) provides that service on individuals may be effected:

> by delivering a copy of the summons, complaint, and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons, complaint and initial order to an agent authorized by appointment or by law to receive service of process.

SCR-Civil 4(e)(2).[1]

Here, Plaintiff has not personally served Officer Ha or Officer Spears, nor has Plaintiff served an agent of these individuals. Instead, Plaintiff delivered the summons and complaint by mail to a security guard at their place of work. *See* Exs. 1 & 2. This is not proper service pursuant to either the Federal or Local Rules. Thus, Plaintiff's Complaint against Officer Ha and Officer Spears must be dismissed.

### B. Plaintiff Has Failed to Effectuate Proper Service of Process on the District of Columbia

Rule 4(j)(2) governs the service of process upon, *inter alia*, municipal corporations such as the District of Columbia. Specifically, the rule provides that a "municipal corporation . . . that is subject to suit must be served by (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). The Superior Court Civil Rules provide that:

---

[1] The Rule also provides that service may also be accomplished "pursuant to District of Columbia law, or the law of the state or territory in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of that state or territory." SCR-Civil 4(e)(1).

> [s]ervice shall be made upon the District of Columbia by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel [now Attorney General] of the District of Columbia (or designee). The Mayor and the [Attorney General] may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court.

SCR-Civil 4(j)(1).

Pursuant to Mayor's Order 2004-77 (May 14, 2004), the Mayor has designated the Secretary of the District as the Mayor's agent for the receipt of legal correspondence (including summonses, complaints, and subpoenas). The Secretary of the District, in turn, has designated Tabatha Braxton, Arlethia Thompson, and Erica Easter as the employees of the Office of the Secretary authorized to receive legal correspondence on behalf of the Mayor and Secretary. Ex. 4 (Jan 16, 2007 Memorandum). The Attorney General has designated Civil Litigation Division employees Darlene Fields, Tonia Robinson, and Gale Rivers as designees to receive service of process on behalf of the Attorney General. *See* Ex. 5 (Attorney General Office Order 2005-19). Thus, pursuant to Fed. R. Civ. P. 4(j)(2), in order to effectuate proper service on the District of Columbia, service must be received by one of the Secretary's designees on behalf of the Mayor, who is the city's chief executive officer.

In this case, no affidavits of service have been filed. It appears, however, that Plaintiff attempted service upon both the Mayor and the Attorney General by mailing the same via certified mail, return receipt requested, to the general mailing address of both entities. *See* Ex. 3. There is no indication, nor is there any reason to believe, that the individuals designated by the Mayor and the Attorney General to receive legal mail actually received the summons and complaint. Moreover, the burden of proving proper

service falls squarely upon the Plaintiff; the District submits that Plaintiff cannot meet her burden. *See Hilska v. Jones,* 217 F.R.D. 16, 20 (D.D.C. 2003) ("If the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss the complaint under Rule 12(b)(4) and/or (5). Upon such a motion, the plaintiff carries the burden of establishing that he has properly effected service.") (citations omitted). Accordingly, as the Mayor of the District of Columbia was not properly served, the District should be dismissed.

It should be noted that the fact that the summons and complaint may have been received in the Office of the Attorney General or the Office of the Mayor is of no moment. In the case of *Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004), the District of Columbia Court of Appeals addressed the issue of whether service on the Mayor and the Attorney General "is complete when a complaint is sent by certified mail and signed for as 'received' by anyone in their respective offices." *Id.* at 787. The trial court in *Eldridge* concluded that it was not, finding that, "while service . . . can be effected by mail, it is clear that a properly designated employee is required to sign for [the] complaint, summons and initial order on behalf of the Mayor and the . . . Corporation Counsel . . ." *Id.* (quoting opinion of the trial court).

> The Court of Appeals, in affirming the decision of the trial court, observed:
>
> As an institutional defendant, the District of Columbia is subject to many lawsuits. The Mayor and the Corporation Counsel must be put on notice when a lawsuit is filed against the District, and Super. Ct. Civ. R. 4(j)(1) provides the manner by which a plaintiff can satisfy this requirement. In their official capacities the Mayor and the Corporation Counsel receive an enormous amount of mail. Super. Ct. Civ. R. 4(j)(1) serves as a filter on this mail and assures that when an individual seeks to initiate a suit against the District, the required papers will get to the proper destination. The flaw in appellant's argument is that, although the complaint was mailed to the Office of the Mayor and the Office of the Corporation Counsel and

6

> signed for by employees in those respective offices, they were not, however, signed for and received by the specific employees designated to receive service of process. This court, therefore, concludes that appellant did not effect proper service of process upon the Mayor or the Corporation Counsel in accordance with the strictures of Super. Ct. Civ. R. 4(j)(1).

*Id.* Indeed, this Court has observed that "*Eldridge* reaffirms established District of Columbia precedent that service of process is invalid when the plaintiff sends a summons and complaint by certified mail to a defendant's offices but the mail is signed for by a secretary, receptionist, or other individual not specifically authorized to accept service of process." *Byrd v. District of Columbia*, 230 F.R.D. 56, 59 (D.D.C. 2005) (Friedman, J.). Thus, Plaintiff has not properly served the District of Columbia and this matter must be dismissed as to the District.

## IV.   CONCLUSION

For the reasons set forth above, the District, Officer Spears and Officer Ha respectfully request that the Court dismiss this matter against them.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

\_\_/s/  Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, Section II

\_\_\_/s/  Shana L. Frost_____
SHANA L. FROST (458021)
Assistant Attorney General

441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZHI CHEN | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) C.A. No. 08-0252 (PLF) |
| v. | ) <br> ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) <br> ) |
| Defendants. | ) <br> ) |

### DECLARATION OF NICOLE HA

I, Nicole Ha, under penalty of perjury under the laws of the United States of America do declare the following:

1. I am over the age of 18 and competent to render testimony.

2. I am currently employed as a police officer by the Metropolitan Police Department ("MPD"), Washington, D.C. I have been a police officer with MPD since 2004.

3. I am currently a member of MPD's Asian Liaison Unit ("ALU"). I have been with the ALU since 2006.

4. I was not personally served with the Summons and Complaint in this matter. Additionally, I have not authorized anyone to accept service of process on my behalf.

5. It is my understanding that the Plaintiff in this case attempted service upon me by certified mail delivered to my place of employment at the ALU, located at 616 H Street, NW. The certified mail package was apparently signed for by a security guard. This individual was not authorized to accept service on my behalf.

Ex 1

I have reviewed the foregoing declaration, and I declare under penalty of perjury under the laws of the United States of America that it is true and correct.

Executed on March 4, 2008.

_____
Nicole Ha

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZHI CHEN<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 08-0252 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF CHANCHAM SPEARS

I, Chancham Spears, under penalty of perjury under the laws of the United States of America do declare the following:

1. I am over the age of 18 and competent to render testimony.

2. I am currently employed as a police officer by the Metropolitan Police Department ("MPD"), Washington, D.C. I have been a police officer with MPD since 1989.

3. I am currently a member of MPD's Asian Liaison Unit ("ALU"). I have been with the ALU since 1996.

4. I was not personally served with the Summons and Complaint in this matter. Additionally, I have not authorized anyone to accept service of process on my behalf.

5. It is my understanding that the Plaintiff in this case attempted service upon me by certified mail delivered to my place of employment at the ALU, located at 616 H Street, NW. The certified mail package was apparently signed for by a security guard. This individual was not authorized to accept service on my behalf.

Ex 2

I have reviewed the foregoing declaration, and I declare under penalty of perjury under the laws of the United States of America that it is true and correct.

Executed on March 4, 2008.

*Chancham Spears*
Chancham Spears



EX 3



B. Marian Chou, Esq.
体师 周 汝
800 7th St N.W. #201
Washington, D.C. 20001

DISTRICT OF COLUMBIA
2008 JAN 16 A 9:35

first class

RETURN RECEIPT REQUESTED

7003 2260 0001 3865 9668

CERTIFIED MAIL

UNITED STATES POSTAL SERVICE

U.S. POSTAGE PAID
WASHINGTON, DC
JAN 11, '08
AMOUNT
$5.72
00049829-18

Attorney General
441 4th St N.W. 1060 N
Washington D.C 20001



# Government of the District of Columbia
### Office of the Secretary of the District of Columbia

Dr. Stephanie D. Scott
Acting Secretary of the District of Columbia

**MEMORANDUM**

**TO:**         Mr. George Valentine
               Deputy Attorney General
               Civil Litigation Division
               Office of the DC Attorney General

**FROM:**     Dr. Stephanie D. Scott
               Acting Secretary of the District of Columbia

**DATE:**      January 16, 2007

**SUBJECT:** Designation of Staff to Handle/ Accept Legal Correspondence
                (Summons, Subpoenas, Civil Actions)

In accordance with Mayor's Order 2004-77, dated May 14, 2004, the memorandum serves to notify the Office of the Attorney General that the employees named below are, herewith, designated to received legal correspondence on behalf of the Mayor/Secretary of the District effective January 12, 2007.

- Tabatha Braxton, Staff Assistant, Office of the Secretary
- Arlethia Thompson, Executive Assistant, Office of the Secretary
- Erica Easter, Chief of Staff, Office of the Secretary

Should you have any questions, please do not hesitate to contact me. I can be reached at (202) 727-6306.

Cc:   The Mayor's Correspondence Unit
       Peter Nickels, General Counsel to the Mayor
       Linda Singer, Attorney General

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### OFFICE OF THE ATTORNEY GENERAL



**ATTORNEY GENERAL**

Office Order No. 2005-19

SUBJECTS: Designation of employees authorized to receive service of process on behalf of the Attorney General for the District of Columbia.

Pursuant to Reorganization Order No. 50 of June 26, 1953, as amended, the following employees in the Civil Litigation Division, Office of the Attorney General for the District of Columbia, are designated to receive service of process on behalf of the Attorney General (formerly the Corporation Counsel) when service is required to be made on the Attorney General or the District pursuant to Rule 4(j) of the Civil Rules of the Superior Court or pursuant to Mayor's Order:

> Darlene Fields, Secretary
> Tonia Robinson, Legal Assistant
> Gale Rivers, Secretary

In the absence of these three individuals, the Deputy or the Assistant Deputy of the Civil Litigation Division may also accept service of process.

An employee receiving service of process pursuant to this Order shall note the time and date of receipt on the document, and shall forward all papers served on the employee to the Civil Litigation Division for docketing.

This Order will take effect immediately and supersedes all previous Orders, including Office Order No. 4-91 (May 17, 1991), to the extent of any inconsistency.

*Robert J. Spagnoletti*
Robert J. Spagnoletti
Attorney General

Dated this 6th day of June, 2005