**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
**ZHI CHEN**                            )
                                        )
              **Plaintiff,**            )
                                        )        **C.A. No. 08-0252 (PLF)**
       **v.**                           )
                                        )
**DISTRICT OF COLUMBIA,** *et al.*,     )
                                        )
              **Defendants.**           )
_____ )

**REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS**
**FILED BY THE DISTRICT OF COLUMBIA, OFFICER HA AND OFFICER**
**SPEARS**

Defendants hereby reply to Plaintiff's opposition to their Motion to Dismiss.

First, while Plaintiff asserts that the Offices of the Mayor and the Attorney

General signed for the registered mail containing the summons and complaint, Plaintiff

cannot identify who within those offices actually signed for the mailings.  Opp. at 1.

Plaintiff further concedes that she does not have signed return receipts for any of the

Metropolitan Police Department officers that she has named as individual defendants.  *Id.*

"The law is clear that 'the party on whose behalf service is made has the burden of

establishing its validity when challenged.'"  *Winder v. Erste*, 2005 U.S. Dist. LEXIS

5190 at *8 (D.D.C. Mar. 31, 2005) (Bates, J.), quoting *Light v. Wolf*, 816 F.2d 746, 751

(D.C. Cir. 1987); *see also Norlock v. City of Garland*, 768 F.2d 654, 656 (D.C. Cir. 1985)

("Once the validity of service of process has been contested, the plaintiff must bear the

burden of establishing its validity.") (internal citations and quotations omitted).  Here,

Plaintiff cannot meet her burden of proper service on the District or any of the individual

police officers.

Second, Plaintiff asserts that she mailed a copy of the summons and complaint to the "official address" of Officer Ha and Spears at 616 H Street, NW, which is the address of MPD's Chinatown substation. Opp. at 1. Neither the federal rules nor the rules of the Superior Court of the District of Columbia permit service of process on individuals by way of certified mail to the person's place of work.

Plaintiff also attempts to assert that her failure to properly serve the District should be excused because the District obviously had notice of the Complaint as it removed this matter to this Court. Opp. at 3. First, Plaintiff's position is contradicted by well-established law. *See Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004) ("While the purpose of service is to give a defendant notice of the claims against it, notice alone cannot cure an otherwise defective service.") (internal quotations and citations omitted). Thus, Plaintiff's argument that because the proper individuals within the District government fortuitously received word of this lawsuit excuses Plaintiff's failure to properly serve the District is without merit.[1]

Finally, Plaintiff asserts that determining the proper individuals to accept service "create[s] a tremendous burden." Opp. at 4. This argument similarly is meritless. First, the District of Columbia is a regular litigant before this and all other Courts in the District of Columbia; in other words, proper service is effectuated against the District on a regular basis. Second, in the Superior Court of the District of Columbia, where Plaintiff filed her Complaint, there was available to Plaintiff in the Clerk's Office documents identifying the designated agents of the Mayor and the Attorney General for service of process. As

---

[1] Indeed, in the Notice of Removal, the District actually put the Plaintiff on notice that it believed service of process on it and Officer Ha was improper by expressly stating that by removing this action, the District and Officer Ha did "not waive their right to proper service of process, nor [did] they waive their right to move to dismiss for improper service of process . . ." Notice of Removal at 2.

other judges in this Court have noted, "[m]istake of counsel or ignorance of the rules of procedure usually does not suffice to establish good cause" for failure to effect proper service of process.  *Whitehead,* 221 F.R.D. at 3 (citation omitted).

Accordingly, for the reasons set forth above and in Defendants' opening brief, the District, Officer Ha, and Officer Spears respectfully requests that the Court dismiss them from the above-captioned matter for lack of proper service of process.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


  /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


   /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov