UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ZHI CHEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 08-0252 (PLF) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO
NICOLE HA'S MOTION TO DISMISS**

Plaintiff's Opposition to Officer Nicole Ha's Motion to Dismiss (Dkt. # 14), which is devoid of any citation to law or even the Complaint, does nothing to undermine Officer Ha's prior showing that Plaintiff has failed to allege facts sufficient to state a claim against Officer Ha. Plaintiff states, in conclusory fashion, that "she was wrongfully arrested, detained and robbed by MPD officers" but fails to state any facts pertaining to Officer Ha to support her alleged conclusions of law. Opp. to Nicole Ha Mot. to Dismiss ("Pl.'s Opp.") at 2. It is well settled that in deciding a motion to dismiss, the Court need not "accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Thus, even viewing the facts Plaintiff has alleged regarding Officer Ha in the light most favorable to Plaintiff, Plaintiff has failed to state a claim against Officer Ha.

Plaintiff accuses the "government" of "sliver[ing] Officer's [sic] Ha's role in the whole incident." Opp. at 3; *see also* Opp. at 4 ("D.C. government has tried to split hair to separate Ha's causes of actions."). Officer Ha's liability, however, depends upon Office

Ha's actions and, for purposes of a motion to dismiss, Plaintiff's allegations concerning those actions. Because Plaintiff has sued Officer Ha individually, Officer Ha's discrete and limited role must be examined in the context of a dispositive motion filed by Officer Ha individually, and Plaintiff cannot simply hold one individual liable for the acts of another without a legal basis to do so. Similarly, Plaintiff's assertions that she has filed a complaint against Officer Monk with the Office of Police Complaints and that she has a receipt from the Red Roof Inn that does not have her name on it are of no moment with respect to *Officer Ha's* Motion to Dismiss.

Plaintiff also makes much of the fact that there has been no discovery, and that Plaintiff is entitled to discovery on the issue of whether Officer Ha's role was limited to a *Terry* stop. Opp. at 2, 3, 4. This assertion misses the point of a Rule 12(b)(6) motion: Plaintiff has not pled any facts that would support a claim against Officer Ha; she therefore is not entitled to discovery on claims that are not properly supported by factual allegations.[1] Moreover, the facts that *Plaintiff* has pled lead to the conclusion that Officer Ha conducted no more than a *Terry* stop.

The burden is on Plaintiff to show that Officer Ha violated a constitutional right afforded Plaintiff. As Officer Ha has demonstrated, Plaintiff has failed to meet that burden. Further, because Officer Ha has asserted qualified immunity, Plaintiff must demonstrate that the constitutional right that Officer Ha violated was clearly established at the time and that a reasonable officer in Officer Ha's position could not have believed that her actions were constitutional. *Wilson v. Layne*, 526 U.S. 603, 614 (1999) (qualified

---

[1] Plaintiff notes that she has served discovery requests on the District of Columbia. As Plaintiff has basically conceded in her "Opposition to D.C.'s Motion to Dismiss" (Dkt. #13), Plaintiff has failed to properly serve the District of Columbia despite having originally filed her lawsuit six months ago. As the District of Columbia is not properly a party before this Court, Plaintiff's discovery requests pursuant to Fed. R. Civ. P. 33 and 34 , which by their plain language apply to parties, are not proper at this time.

immunity dependent upon the "objective reasonableness of the officers' action, assessed in light of the legal rules that were clearly established at the time the action was taken."). Because she has failed to allege the violation of a constitutional right in the first instance, Plaintiff has obviously failed to allege sufficient facts to establish that Officer Ha is not entitled to qualified immunity.

Accordingly, for the reasons set forth above and in the Memorandum in Support of Officer Ha's Motion to Dismiss, Officer Ha respectfully requests that she be dismissed from this case.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

  /s/  Samuel C. Kaplan_____
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

   /s/  Shana L. Frost_____
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 741-8934
shana.frost@dc.gov