UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| ZHI CHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-0252 (PLF) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

<u>MEMORANDUM OPINION</u>

This matter is before the Court on the motion of the District of Columbia and Metropolitan Police Department Officer Chancham Spears to dismiss the complaint for insufficiency of service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.[1]  For the reasons stated below, the Court will grant the motion and dismiss without prejudice Ms. Chen's claims against the District of Columbia and Officer Spears.[2]

According to Ms. Chen, Officer Charles Monk of the Metropolitan Police Department detained her without cause on a street in the District of Columbia's Chinatown neighborhood in the early morning hours of April 21, 2007.  <u>See</u> Complaint ¶ 9 ("Compl.").  It appears that Officer Monk was acting on a mistaken belief that Ms. Chen had failed to pay a $60

---

[1]     Metropolitan Police Department officers Nicole Ha and Charles Monk are also defendants in this case.  Officer Ha acknowledges that she has been properly served.  <u>See</u> Defendant Nicole Ha's Motion to Dismiss at 1.  Officer Monk has not challenged the sufficiency of plaintiff's service.

[2]     The papers submitted in connection with this matter include: defendants' motion to dismiss ("Mot."); plaintiff's opposition ("Opp."); defendants' reply ("Reply"); defendants' supplemental memorandum to the motion to dismiss ("Supp."); plaintiff's response to defendants' supplemental memorandum ("Supp. Opp."); and defendants' errata ("Errata").

bill at a local Red Roof Inn.  See id. ¶¶ 13-19.  Ms. Chen claims that Officer Monk shouted at

her, grabbed her left arm, pushed her across the street, "slammed" her on the hood of a car and

handcuffed her.  Id. ¶¶ 9-10.  Officer Monk then called Officers Ha and Spears for assistance.

See id. ¶ 10.  Without advising Ms. Chen of her Miranda rights, "Officer Ha and Spears put [Ms.

Chen] into their own police patrol car" and drove her to the complaining Red Roof Inn.  Id. ¶ 11.

While at the Red Roof Inn, Officers Ha and Spears looked on as Officer Monk searched Ms.

Chen, removed $60 from her pocket and gave it to the cashier.  Id. ¶¶ 12-15.  Ms. Chen claims

that Officers Ha and Spears never asked Officer Monk why Ms. Chen was being detained, and

ignored her pleas for help and her requests for an interpreter.  See id. ¶¶ 15-16.  Later that day,

according to Ms. Chen, Officer Monk returned the money to her, admitted that he had made a

mistake and apologized to her.  Id. ¶ 19.

On January 9, 2008, Ms. Chen filed suit in the Superior Court of the District of

Columbia, naming as defendants the District of Columbia, Officer Monk, Officer Ha, Officer

Spears and Red Roof Inns.  Her complaint set forth eight counts, including claims for personal

injury, false arrest and imprisonment, intentional infliction of emotional distress, and a claim

under 42 U.S.C. § 1983 alleging violations of Ms. Chen's constitutional rights.  Defendants

thereafter invoked 28 U.S.C. § 1441(b) and removed the case to this Court.  See 28 U.S.C.

§ 1441(b) (permitting removal of "[a]ny civil action of which the district courts have original

jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the

United States").

## I.  SERVICE OF PROCESS

### *A.  Service on Individuals*

Service of process upon individuals within a judicial district of the United States

is governed by Rule 4(e) of the Federal Rules of Civil Procedure.  Rule 4(e)(2) states that service

upon an individual may be effected

> by delivering a copy of the summons and of the complaint to the
> individual personally; leaving a copy of each at the individual's dwelling
> or usual place of abode with someone of suitable age and discretion who
> resides there; or delivering a copy of each to an agent authorized by
> appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).  Rule 4(e)(1) also permits service to be effected by "following state law

for serving a summons in an action brought in courts of general jurisdiction in the state where the

district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  The Civil Rules of

the Superior Court of the District of Columbia establish, in pertinent part, service requirements

mirroring those in Rule 4(e)(2) of the Federal Rules of Civil Procedure.  See D.C. Super. Ct.

Civ. R. 4(e)(2).  Rule 4(c) of the Civil Rules of the Superior Court of the District of Columbia

also permits service to be effected upon an individual by certified or registered mail.  See D.C.

Super. Ct. Civ. R. 4(c)(3).

### *B.  Service on the District of Columbia*

Rule 4(j)(2) of the Federal Rules of Civil Procedure states that service upon "[a]

state, a municipal corporation, or any other state-created governmental organization" shall be

effected by delivering a copy of the summons and the complaint to the chief executive officer

(here, the Mayor of the District of Columbia), or "by serving a copy [of the summons and

complaint] in the manner prescribed by that state's law for serving a summons or like process on

such a defendant." FED. R. CIV. P. 4(j)(2).  Rule 4(j)(1) of the Civil Rules of the Superior Court

of the District of Columbia prescribes the method for effecting service of process on the District

of Columbia:

> Service shall be made upon the District of Columbia by delivering
> . . . or mailing (pursuant to paragraph (c)(3)) a copy of the
> summons, complaint and initial order to the Mayor of the District
> of Columbia (or designee) *and* the Corporation Counsel [now the
> Attorney General] of the District of Columbia (or designee).  The
> Mayor and the Corporation Counsel may each designate an
> employee for receipt of service of process by filing a written notice
> with the Clerk of the [Superior] Court.

D.C. SUPER. CT. CIV. R. 4(j)(1) (emphasis added).  Paragraph (c)(3) states that service may be

effected "by mailing a copy of the summons, complaint and initial order to the person to be

served by registered or certified mail, return receipt requested."  D.C. SUPER. CT. CIV. R. 4(c)(3).

The Mayor has designated the Secretary of the District of Columbia as his agent

for receipt of legal correspondence including summonses and complaints.  See Mayor's Order

2004-77 at 1 (May 14, 2004).  In addition, the Mayor has ordered that

> [t]he Secretary shall designate from time to time, by office order,
> one or more personnel to handle the receipt of legal
> correspondence addressed to the Mayor.  The personnel so
> designated shall receive legal correspondence either from the
> person effecting service upon the Secretary, from the Unit, or from
> any other originating or transmitting source, as the case may be.

Id.  The Secretary of the District of Columbia has designated Tabatha Braxton, Arlethia

Thompson, Erica Easter and Abby Frankson as the employees authorized to receive legal

correspondence on behalf of the Mayor.  See Mot., Ex. 4, Memorandum from Acting Secretary

Stephanie Scott to Deputy Attorney General George Valentine (Jan. 16, 2007); Errata at 1.  The

Attorney General has designated Darlene Fields, Tonia Robinson and Gale Rivers as the

employees authorized to receive legal correspondence on his behalf.  See Mot., Ex. 5, Office

Order No. 2005-19 of the Attorney General (June 6, 2005).

       Service of process on the District of Columbia by mail is valid only if the mail is

signed for by an employee who is specifically designated to receive service of process.  See  Byrd

v. District of Columbia, 230 F.R.D. 56, 58-59 (D.D.C. 2005); Eldridge v. District of Columbia,

866 A.2d 786, 787-88 (D.C. 2004).  In Eldridge, a case factually similar to this one with respect

to service of process, the District of Columbia Court of Appeals stated:

> [A]lthough the complaint was mailed to the Office of the Mayor
> and the Office of the Corporation Counsel and signed for by
> employees in those respective offices, they were not, however,
> signed for and received by the specific employees designated to
> receive service of process.  This court, therefore, concludes that
> [plaintiff] did not effect proper service of process upon the Mayor
> or the Corporation Counsel in accordance with strictures of Super.
> Ct. Civ. R. 4(j)(1).

Eldridge v. District of Columbia, 866 A.2d at 787; see also Byrd v. District of Columbia, 230

F.R.D. at 58-59 (quoting Eldridge v. District of Columbia, 866 A.2d at 787).

       Finally, Rule 4(m) of the Federal Rules of Civil Procedure places a time limit on

service of process.  It states:

> If a defendant is not served within 120 days after the complaint is
> filed, the court – on motion or on its own after notice to the
> plaintiff – must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).  Courts routinely dismiss cases for insufficient service of process pursuant

to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  See 5B CHARLES ALAN WRIGHT &

ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1353, at 334 (3d ed. 2004).  "The law

is clear that '[t]he party on whose behalf service is made has the burden of establishing its

validity when challenged.'" <u>Winder v. Erste</u>, Civil Action No. 03-2623, 2005 WL 736639, at *3

(D.D.C. March 31, 2005) (quoting <u>Light v. Wolf</u>, 816 F.2d 746, 751 (D.C. Cir. 1987)).

## II.  DISCUSSION

### A.  Service on Officer Spears

Nearly fourteen months have passed since Ms. Chen commenced this litigation.

Over one year has passed since defendants filed a motion to dismiss that explained why Ms.

Chen's attempt to serve Officer Spears – by mailing a copy of the summons and complaint to his

place of work, where it was received by a security guard – failed to comply with the applicable

rules.  <u>See</u> Mot. at 3-7.  Nevertheless, according to defendants, Ms. Chen still has not properly

served Officer Spears.  <u>See</u> <u>generally</u> Supp.  Ms. Chen does not dispute this point.  She asserts,

however, that she has shown "good cause for [her] failure" to serve Officer Spears and that she

therefore should be given more time to effect proper service.  FED. R. CIV. P. 4(m).

Ms. Chen's only explanation for failing to serve Officer Spears by this late date is

that "Officer Spears is harder to locate than Officer Ha."  Supp. Opp. at 3.  That claim is belied

by the fact that Officers Ha and Spears work at the same location.  <u>See</u> Mot., Exs. 1 and 2

(declarations of Officers Ha and Spears).  Moreover, Ms. Chen offers no explanation for why she

hired a process server to serve Officers Monk and Ha – a method that proved successful – but not

Officer Spears.  <u>See</u> Supp. Opp. at 3; <u>see</u> <u>also</u> <u>Chen v. District of Columbia</u>, Return of Service

and Affidavit (D.D.C. April 22, 2008).  Under these circumstances, it is clear that Ms. Chen has

failed to make a reasonably diligent effort to serve Officer Spears.  <u>See</u> <u>Bachenski v. Malnati</u>,

11 F.3d 1371, 1376-77 (7th Cir. 1993) (a "plaintiff's attempts at service need be at the very least

. . . accompanied by some showing of reasonable diligence" before good cause may be found)

(internal quotation marks, alteration and citation omitted).  The Court therefore will dismiss Ms.

Chen's claim against Officer Spears without prejudice pursuant to Rule 12(b)(5).

### B.  Service on the District of Columbia

As noted above, plaintiffs are required to serve both the Mayor and the Attorney

General in order to properly serve the District of Columbia.  Defendants assert (and Ms. Chen

does not dispute) that Ms. Chen

> attempted service upon both the Mayor and the Attorney General
> by mailing [a copy of the summons and complaint] via certified
> mail, return receipt requested, to the general mailing address of
> both entities.

Mot. at 5.  Indeed, it appears that Ms. Chen twice attempted to serve the Mayor and the Attorney

General in this manner.  See Mot., Ex. 3; see also Supp., Ex. 1.  On neither occasion, however,

did any of the employees authorized to receive service on behalf of the Mayor receive Ms.

Chen's mailings, see Supp., Exs. 2-4; Errata, Ex. 1; nor did any of the employees authorized to

receive service on behalf of the Attorney General.  See Supp. at 4 n.3.  Ms. Chen therefore failed

to effect proper service on the District of Columbia.

Ms. Chen concedes this point, but argues that her failure to effect proper service

should be excused because the District is on notice of this action and therefore is not prejudiced

by the lack of proper service.  See Opp. at 3.  In the alternative, she argues that she should be

given additional time to effect proper service on the District.  See Supp. Opp. at 3-4.  According

to Ms. Chen, she deserves a third bite at the service apple because she had no reason to know that

her first two mailings had not been received by authorized employees until defendants raised the

issue.  See id. at 3-4.

7

The Court will not excuse Ms. Chen's failure to effect proper service merely because the District is aware of her suit.  See, e.g., Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 3 (D.D.C. 2004) ("While the purpose of service is to give a defendant notice of the claims against it, notice alone cannot cure an otherwise defective service.") (internal quotation marks and citation omitted).  Nor will the Court grant her additional time to effect proper service. Defendants argue (and Ms. Chen does not dispute) that

> in the Superior Court of the District of Columbia, where Plaintiff filed her Complaint, there was available to Plaintiff in the Clerk's Office documents identifying the designated agents of the Mayor and the Attorney General for service of process.

Reply at 2.  Furthermore, after Ms. Chen's first unsuccessful attempt to serve the District, defendants filed a motion to dismiss that explained how to serve the District.  Nevertheless, Ms. Chen's second attempt to serve the District was also defective.  Mistakes of counsel and ignorance of the rules of service rarely constitute "good cause" for an extension of time under Rule 4(m).  See Whitehead v. CBS/Viacom, Inc., 221 F.R.D. at 3.  And given Ms. Chen's lack of diligence in attempting to serve the District – it appears she has attempted to do so only twice, and there is no indication that she has attempted to cure her (concededly) defective second attempt – the Court sees no reason to depart from the normal rule here.  The Court therefore will dismiss Ms. Chen's claim against the District of Columbia without prejudice pursuant to Rule 12(b)(5).  A separate Order consistent with this Memorandum Opinion will issue this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 25, 2009

8