UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ZHI CHEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-0252 (PLF) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

OPINION

This matter is before the Court on the motion of Nicole Ha, an officer of the District of Columbia's Metropolitan Police Department ("MPD"), to dismiss plaintiff Zhi Chen's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  Upon consideration of Officer Ha's motion, Ms. Chen's opposition, and Officer Ha's reply, the Court will grant in part and deny in part Officer Ha's motion.

I. BACKGROUND

Ms. Chen claims that MPD Officer Charles Monk detained her without cause on a street in the District of Columbia's Chinatown neighborhood in the early morning hours of April 21, 2007.  See Complaint ¶ 9 ("Compl.").  Apparently, Officer Monk was acting on a mistaken belief that Ms. Chen had failed to pay a $60 bill at a local Red Roof Inn.  See id. ¶¶ 13-19.  Ms. Chen claims that Officer Monk shouted at her, grabbed her left arm, pushed her across the street,

---

[1] The papers submitted in connection with this matter include: Defendant Nicole Ha's Motion to Dismiss ("Mot."); Plaintiff's Opposition to Nicole Ha's Motion to Dismiss ("Opp."); and Defendant's Reply to Plaintiff's Opposition to Nicole Ha's Motion to Dismiss ("Reply").

"slammed" her on the hood of a car and handcuffed her. Id. ¶¶ 9-10. Officer Monk then called Officers Ha and Spears for assistance. See id. ¶ 10. Without advising Ms. Chen of her Miranda rights, "Officer Ha and Spears put [Ms. Chen] into their own police patrol car" and drove her to the complaining Red Roof Inn. Id. ¶ 11. While at the Red Roof Inn, Officers Ha and Spears looked on as Officer Monk searched Ms. Chen, removed $60 from her pocket and gave it to the cashier. Id. ¶¶ 12-15. Ms. Chen claims that Officers Ha and Spears never asked Officer Monk why Ms. Chen was being detained, and ignored her pleas for help and her requests for an interpreter. See id. ¶¶ 15-16. Later that day, according to Ms. Chen, Officer Monk returned the money to her, admitted that he had made a mistake and apologized to her. Id. ¶ 19.

On January 9, 2008, Ms. Chen filed suit in the Superior Court of the District of Columbia, naming as defendants the District of Columbia, Officer Ha, Officer Monk, Officer Spears and Red Roof Inns. Her complaint includes the following claims: "Personal Injury Against All Defendants" (Count I); "False Arrest and Imprisonment" (against all defendants) (Count II); "Intentional Infliction of Emotional Distress" (against all defendants) (Count III); "Negligence" (against all defendants) (Count V); "Gross Negligence, Negligence" (against the District of Columbia) (Count VI); "Gross Negligence, Negligence" (against Red Roof Inns) (Count VII); "Negligent Supervision, Training, and Maintenance of Personnel" (against the District of Columbia and Red Roof Inns) (Count VIII); and "Violation of Civil Rights: 42 U.S.C. § 1983" (against all defendants) (Count IX). Compl. ¶¶ 20-58.[2] On February 14, 2008, defendants removed the case to this Court pursuant to 28 U.S.C. § 1441(b).

---

[2] Ms. Chen's complaint does not include a Count IV because Ms. Chen misnumbered her counts. The Court retains the numbering used in Ms. Chen's complaint, however, to avoid unnecessary confusion.

## II. STANDARD OF REVIEW

Officer Ha has moved to dismiss all of Ms. Chen's claims against her for failure to state a claim. Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Id. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Aktieselskabet AF 21 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court stated that there was no "probability requirement at the pleading stage," Bell Atlantic Corp. v. Twombly, 550 U.S. at 556, but "something beyond . . . mere possibility . . . must be alleged[.]" Id. at 557-58. The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," id. at 555, or must be sufficient "to state a claim for relief that is plausible on its face." Id. at 570. The Court referred to this newly clarified standard as "the plausibility standard." Id. at 560 (abandoning the "no set of facts" language from Conley v. Gibson). Twombly "leaves the long-standing fundamentals of notice pleading intact." Aktieselskabet AF 21 v. Fame Jeans Inc., 525 F.3d at 15.

On a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); see also Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. The complaint "is construed liberally in the plaintiffs' favor, and [the Court should] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions. See Kowal v. MCI Communications Corp., 16 F.3d at 1276; Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).

### III. DISCUSSION

*A. "Violation of Civil Rights: 42 U.S.C. § 1983" (Count IX)*

Ms. Chen alleges that Officers Ha, Monk and Spears, acting as agents of the District of Columbia, violated her rights under the Fourth Amendment to the United States Constitution by (1) subjecting her to a false arrest, and (2) using excessive and unreasonable force in effecting that arrest. See Compl. ¶¶ 57-58. She thus seeks relief under 42 U.S.C. § 1983.[3] According to Officer Ha, Ms. Chen's Section 1983 claim against her should be

---

[3]   42 U.S.C. § 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

dismissed for two reasons.  See Reply at 2-3.  First, Officer Ha maintains that she did nothing unlawful.  According to Officer Ha, she did not "arrest" Ms. Chen; rather, she merely performed a "Terry stop."  See Terry v. Ohio, 392 U.S. 1, 23 (1968) (holding that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest").  Since the undisputed facts (in Officer Ha's view) establish that Officer Ha was justified in executing such a Terry stop, that stop was lawful – and Ms. Chen therefore has failed to state a claim for violation of her constitutional rights.  Second, Officer Ha argues that even assuming that she was not fully justified in executing a Terry stop, she is nonetheless shielded from liability by the doctrine of qualified immunity.  Officer Ha's arguments might succeed on a motion for summary judgment after discovery, but they cannot succeed on a motion to dismiss the instant complaint for failure to state a claim.

> The Fourth Amendment to the United States Constitution guarantees citizens the right "to be secure in their persons . . . against unreasonable searches and seizures."  U.S. CONST. amend. IV.  A citizen who alleges that she has been subjected to an unreasonable search or seizure in violation of the Fourth Amendment may seek redress under Section 1983.  See Graham v. Connor, 490 U.S. 386, 394 (1989).  As Judge Urbina has explained:

> > [I]n determining whether a detention has occurred within the meaning of the Fourth Amendment, the Supreme Court has recognized three types of police-citizen encounters; (1) a full-scale arrest, which must be supported by probable cause, (2) a brief investigatory detention which must be supported by reasonable suspicion, and (3) a brief police-citizen encounter, which requires no justification.

Cotton v. District of Columbia, 541 F. Supp. 2d 195, 202 (D.D.C. 2008) (internal quotation marks and citation omitted).

While Officer Ha is correct to argue that a police officer needs only "a minimal level of objective justification" in order to effect a Terry stop, United States v. Goddard, 491 F.3d 457, 460 (D.C. Cir. 2007), she is incorrect to argue that on her motion to dismiss the Court may conclude that she *did* effect a Terry stop, and that she *did* have sufficient justification for effecting that stop.  The problem with Officer Ha's attack on Ms. Chen's Section 1983 claim is that it asks the Court to go behind Ms. Chen's complaint, decline to draw any inferences in Ms. Chen's favor, and accept Officer Ha's version of events.  On a motion to dismiss for failure to state a claim, however, the Court must assume the truth of Ms. Chen's allegations and grant her the benefit of all reasonable inferences.  Applying that standard, the Court cannot conclude that Ms. Chen has failed to adequately allege that she was subjected to either an unjustified arrest or an unjustified Terry stop.  The factual record developed through discovery will make clear precisely what sort of seizure Ms. Chen experienced, and whether Officer Ha had sufficient justification for executing that seizure.

Nor may the Court conclude that Officer Ha is entitled to qualified immunity at this stage of the proceedings.  While a defendant's entitlement to qualified immunity is a pure question of law to be decided by the Court, see Pitt v. District of Columbia, 491 F.3d 494, 509 (D.C. Cir. 2007) (citing Hunter v. Bryant, 502 U.S. 224, 224-27 (1991)), the Court cannot decide that question of law at this time given the nature of the facts alleged in Ms. Chen's complaint and the procedural posture of this case.  Cf. Jacobs v. City of Chicago, 215 F.3d 758, 765 n.3 (7th Cir. 2000) (observing that qualified immunity is an affirmative defense, and that "the notice pleading requirements of Rule 8 [of the Federal Rules of Civil Procedure] do not require that a plaintiff anticipate the assertion of qualified immunity . . . and plead allegations that will defeat

that immunity" – at least in those cases where "the existence of qualified immunity will depend on the particular facts").

### B. "False Arrest and Imprisonment" (Count II)

Ms. Chen has also asserted a common law claim for false arrest and imprisonment against Officer Ha.  To succeed on such a claim, a plaintiff must demonstrate that she was *unlawfully* detained or restrained against her will.  See Cotton v. District of Columbia, 541 F. Supp. 2d at 205.  Thus, the central question in most cases is whether the officer's action was justified.  District of Columbia v. Murphy, 631 A.2d 34, 36 (D.C. 1993).  "[I]f so, the conduct of the arresting officer is privileged and the action fails."  Dellums v. Powell, 566 F.2d 167, 175 (D.C. Cir. 1977).  An officer can demonstrate justification by showing that (1) she had probable cause (in the constitutional sense) to seize the plaintiff, see Welch v. District of Columbia, 578 A.2d 175, 176 (D.C. 1990), or (2) she believed in good faith that her conduct was lawful and her belief was reasonable.  See District of Columbia v. Murphy, 631 A.2d at 36.

Officer Ha maintains that Ms. Chen's common law claim for false arrest and imprisonment must be dismissed for essentially the same reasons that Ms. Chen's Section 1983 claim must be dismissed.  See Mot. at 6.  The Court does not find such arguments any more persuasive in the common law context than it did in the Section 1983 context.  Assuming the truth of Ms. Chen's allegations and granting her the benefit of all reasonable inferences, the Court simply cannot conclude that Officer Ha had sufficient cause, in the constitutional sense, to seize Ms. Chen; nor can it conclude that Officer Ha believed, in good faith, that what she was doing was lawful and that her belief was reasonable under the circumstances.  The Court therefore will deny Officer Ha's motion to dismiss Ms. Chen's common law false arrest claim.

*C. Assault and Battery (Count I)*[4]

Ms. Chen alleges that Officers Ha, Monk and Spears, "while acting in their capacity as police officers for the District of Columbia, approached [Ms. Chen] and assaulted and battered [her] without any justification." Compl. ¶ 22. Officer Ha argues that Ms. Chen has failed to state a claim against *her* for assault and battery because Ms. Chen's complaint alleges only that she was assaulted and battered by *Officer Monk*. See Mot. at 4.

District of Columbia courts define assault as "an intentional and unlawful attempt or threat, either by words or acts, to do physical harm[.]" Holder v. District of Columbia, 700 A.2d 738, 741 (D.C. 1997) (quoting Etheredge v. District of Columbia, 635 A.2d 908, 916 (D.C. 1993)). Battery is defined as "an intentional act that causes a harmful or offensive bodily contact." Holder v. District of Columbia, 700 A.2d at 741. "A police officer has a qualified privilege to use reasonable force to effect an arrest, provided that the means employed are not in excess of those which the actor reasonably believes to be necessary." Etheredge v. District of Columbia, 635 A.2d at 916 (internal quotation marks and citation omitted).

It is true that Ms. Chen's complaint is inartfully drafted, and that some passages suggest that Officer Monk alone threatened Ms. Chen and/or subjected her to harmful or offensive bodily contact. See Compl. ¶¶ 9-10. But on the face of her complaint, Ms. Chen does allege that Officer Ha committed assault and battery. See Compl. ¶ 22 (alleging that "*Defendants . . . approached [Ms. Chen] and assaulted and battered [her] without any justification*") (emphasis added); see also id. ¶¶ 25, 26. Moreover, the facts alleged in Ms. Chen's complaint are fully

---

[4] This claim is captioned "Personal Injury Against All Defendants." There is, of course, no independent tort for "personal injury." But it is clear that Count I is intended to allege the intentional torts of assault and battery. See Compl. ¶¶ 1, 22.

consistent with an allegation of assault and battery against Officer Ha. One could easily infer that Ms. Chen was assaulted by Officer Ha when Ms. Chen was surrounded by all three officers both before and after Ms. Chen was taken to the Red Roof Inn. One could further infer that Ms. Chen was assaulted and battered by Officer Ha as she was placed into Officer Ha's police car, transported to the Red Roof Inn, and taken out of the police car. Finally, one could infer from the facts alleged in Ms. Chen's complaint that Officer Ha used force "in excess of [the force] which the actor reasonably believe[d] to be necessary," thereby depriving Officer Ha of any applicable privilege. Etheredge v. District of Columbia, 635 A.2d at 916. The Court therefore will deny Officer Ha's motion to dismiss Ms. Chen's assault and battery claim.

### D. *"Intentional Infliction of Emotional Distress" (Count III)*

Ms. Chen also seeks relief under the common law tort of intentional infliction of emotional distress ("IIED"). To establish IIED liability under District of Columbia law, plaintiffs must show: "(1) extreme and outrageous conduct on the part of the defendant which (2) either intentionally or recklessly (3) cause[d] the plaintiff severe emotional distress." Larijani v. Georgetown Univ., 791 A.2d 41, 44 (D.C. 2002). See also Pitt v. District of Columbia, 491 F.3d at 505-06. The first element of the tort is satisfied only when the conduct at issue is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Homan v. Goyal, 711 A.2d 812, 818 (D.C. 1998) (citation omitted). Thus, liability under this tort "clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965) ("RESTATEMENT"). See also Cooke-Seals v. District of Columbia, 973 F. Supp. 184, 186 (D.D.C. 1997) (IIED

liability is reserved for truly outrageous conduct).  In determining whether specific acts rise to the extreme and outrageous level, courts are guided by "(1) applicable contemporary community standards of offensiveness and decency, and (2) the specific context in which the conduct took place."  King v. Kidd, 640 A.2d 656, 668 (D.C. 1993).

The second element requires that the defendant inflicted severe emotional distress in an intentional or reckless manner.  See RESTATEMENT § 46 cmt. i.  In some cases it is "possible to infer the existence of . . . intent or recklessness . . . from the very outrageousness of a defendant's conduct."  Sere v. Group Hospitalization, Inc., 443 A.2d 33, 37 (D.C. 1982).  The third element of the tort requires that the plaintiff suffer "severe emotional distress."  To qualify as severe emotional distress, the distress asserted must be "of so acute a nature that harmful physical consequences might be not unlikely to result."  Id. at 37 (quoting Clark v. Associated Retail Credit Men, 105 F.2d 62, 65 (D.C. Cir. 1939)).  In addition, the distress asserted may not be "exaggerated and unreasonable" under the circumstances, "unless it results from a peculiar susceptibility to such distress of which the actor has knowledge."  RESTATEMENT § 46 cmt. j.  See also Langer v. George Washington Univ., 498 F. Supp. 2d 196, 201 (D.D.C. 2007).

Officer Ha argues that Ms. Chen's IIED claim fails on all three elements.  See Mot. at 8-11.  The Court disagrees.  According to her complaint, Ms. Chen was accosted by Officer Monk in the early morning hours.  Soon thereafter, she was surrounded by three police officers, including Officer Ha.  She was then placed into a police car and transported against her will to a Red Roof Inn.  There, Officers Ha and Spears looked on as Ms. Chen was searched by a male officer and relieved of $60.  Throughout this ordeal, Ms. Chen pleaded for help (or at least for an interpreter), but neither request was granted.  Finally, she was released without any formal proceedings.  Ms. Chen claims that, as a result of the events described above, she has developed

an abiding fear of police officers; has become scared to venture outside at night; and has experienced emotional distress so severe that she has had difficulty at work. See Compl. ¶ 35. Assuming the truth of Ms. Chen's allegations and granting her the benefit of all reasonable inferences, the Court concludes that she has adequately stated a claim for IIED.

### E.  "Negligence" (Count V)

According to Ms. Chen, Officer Ha acted negligently by (1) arresting Ms. Chen on the basis of "improper motives" and thereby "[f]alsely arrested and imprisoned [Ms. Chen]"; (2) conspiring with Officer Monk to transport Ms. Chen back to the Red Roof Inn, search her and "rob" her; and (3) "[o]therwise fail[ing] to conduct [herself] in accordance with established policies, procedures and orders as required by the applicable standard of care." Compl. ¶ 38.

The Court agrees with Officer Ha that the first two allegations are not really allegations of negligence at all. Rather, they are allegations of *intentionally* tortious behavior on Officer Ha's part. Such allegations cannot support a negligence claim because they assume a state of mind "separate and incompatible" with a theory of negligence. Tafler v. District of Columbia, Civil Action No. 05-1563, 2006 WL 3254491, at *9 (D.D.C. Nov. 8, 2006); District of Columbia v. Chinn, 839 A.2d 701, 708, 710 (D.C. 2003). The Court therefore will dismiss Ms. Chen's negligence claim against Officer Ha insofar as that claim is based on the first two allegations. See Cotton v. District of Columbia, 541 F. Supp. 2d at 209 (dismissing negligence claims that "merely reiterat[ed]" intentional tort claims); Reed v. District of Columbia, 474 F. Supp. 2d 163, 173 (D.D.C. 2007) ("Where a plaintiff does not allege or prove a distinct negligence ground, the negligence claim should be dismissed."); Tafler v. District of Columbia,

2006 WL 3254491 at *9 (dismissing negligence claims because plaintiff "failed to allege negligence claims that are separate and distinct from his intentional tort claims").[5]

The third allegation is also insufficient to state a negligence claim, but for a different reason. It "specif[ies] no negligent act, and fail[s] to characterize the breach of duty which might have resulted in negligence liability." Maddox v. Bano, 422 A.2d 763, 764 (D.C. 1980). Thus, it represents no more than a "conclusory assertion[]" which, without more, "does not raise a cognizable claim of negligence." Id. at 765. See also Bell Atlantic Corp. v. Twombly, 550 U.S. at 555; District of Columbia v. White, 442 A.2d 159, 162 (D.C. 1982) ("To allege negligence, a complaint cannot merely make conclusory assertions but must specify a negligent act and characterize the duty whose breach might have resulted in negligence liability.") (internal quotation marks and citation omitted). The Court therefore will dismiss Ms. Chen's negligence claim with respect to Officer Ha.

A separate Order consistent with this Opinion will issue this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 25, 2009

---

[5] Conspiracy is obviously an intentional tort. See, e.g., Hall v. Clinton, 285 F.3d 74, 82-83 (D.C. Cir. 2002). Perhaps a police officer could falsely arrest an individual accidentally and hence negligently, cf. District of Columbia v. Chinn, 839 A.2d at 711 n.8, but it is clear that Ms. Chen is alleging an intentional and deliberate false arrest. See Compl. ¶ 30. Thus, she may not rely on the claim that she was falsely arrested to support both an intentional tort claim and a negligence claim. See id. at 711.