UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ZHI CHEN,                           )
                                    )
       Plaintiff,                    )
                                    )
       v.                            )    Civil Action No. 08-0252 (PLF)
CHARLES D. MONK, *et al.*,          )
                                    )
       Defendants.                   )
_____)
                                    )
ZHI CHEN,                           )
                                    )
       Plaintiff,                    )
                                    )
       v.                            )    Civil Action No. 09-1536 (PLF)
                                    )
DISTRICT OF COLUMBIA, *et al.*,     )
                                    )
       Defendants.                   )
_____)

## MEMORANDUM OPINION

This matter is before the Court on the District of Columbia's motion to dismiss in part the complaint against it in Civil Action Number 09-1536. After careful consideration of the parties' papers, the relevant case law, the relevant statutes, and the entire history of the case, the Court will grant the District of Columbia's motion.[1]

---

[1] The papers before the Court in connection with this motion include: the Complaint ("Compl."); Defendant District of Columbia's Partial Motion to Dismiss ("Mot."); Plaintiff's Opposition to Defendant District of Columbia's Motion to Dismiss ("Opp."); and Defendant District of Columbia's Reply to Plaintiff's Opposition to the District of Columbia's Motion to Dismiss ("Rep.").

I.  BACKGROUND

Plaintiff, Zhi Chen, alleges that on April 21, 2007, she was crossing at the intersection of 6th and H Streets, Northwest, in the District of Columbia when a Metropolitan Police Officer ("MPD"), Charles Monk, yelled "Police" and grabbed her. See Compl. ¶ 8.[2] Officer Monk allegedly "slammed" her towards the back hood of his car and handcuffed her, and he then called two other officers, Officers Chancham Spears and Nicole Ha, out from the local MPD substation. See id. ¶ 9. Plaintiff further alleges that "[w]ithout any explanation or reading any Miranda rights to Plaintiff, both Officers Ha and Spears put Plaintiff into their own police patrol car to drive to [the] Red Roof Inn at 5th and H" Streets. See id. ¶ 10 (emphasis omitted). Apparently acting upon the belief that plaintiff owed money to the Red Roof Inn, Officer Monk allegedly removed sixty dollars from the pocket of plaintiff's pants and gave it to a Red Roof Inn cashier. See id. ¶ 12. Plaintiff asserts that she never owed money to the Red Roof Inn. See id. ¶ 13. After this incident, plaintiff says she was released by the officers. See id. ¶ 14.

Plaintiff originally filed Civil Action Number 09-1536 in the Superior Court of the District of Columbia on June 26, 2009. She named the District of Columbia and Officer Spears as defendants. Plaintiff asserts six claims: Count One for Personal Injury (both defendants); Count Two for False Arrest and Imprisonment (both defendants); Count Three for Intentional Infliction of Emotional Distress (both defendants); Count Four for Gross Negligence and Negligence (against the District of Columbia only); Count Five for Negligent Supervision,

---

[2] Although Civil Action Number 09-1536 is consolidated with Civil Action Number 08-0252, this Memorandum Opinion only addresses issues relevant to Civil Action Number 09-1536. Accordingly, all citations to the record are to filings on the docket of Civil Action Number 09-1536.

Training, and Maintenance of Personnel (against the District of Columbia only); and Count Six for Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 (both defendants).

On August 14, 2009, the District of Columbia removed the case to this Court based on federal question jurisdiction. On October 1, 2009, the Court consolidated this case with another case that previously had been filed by plaintiff based on the same alleged incident — Chen v. District of Columbia, Civil Action Number 08-0252 — in which plaintiff had sued the current defendants as well as Officers Ha and Monk, and Red Roof Inns, Inc.[3] The matter is now before the Court on the District of Columbia's motion to dismiss Counts One, Two, Three and Six.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified this standard. The Court in Twombly noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Id. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Aktieselskabet AF 21 v. Fame Jeans Inc., 525 F.3d 8,

---

[3] The Court previously dismissed the District of Columbia and Officers Spears without prejudice from Civil Action Number 08-0252 for insufficient service of process. See Chen v. District of Columbia, 256 F.R.D. 263, 266-67 (D.D.C. 2009). As a result, the remaining defendants in Civil Action Number 08-0252 are Officers Monk and Ha and Red Roof Inns, Inc., and the only defendant remaining in Civil Action Number 09-1536 is the District of Columbia. (At a status conference on March 26, 2010, the parties agreed to dismissal of the claims against defendant Spears.)

15 (D.C. Cir. 2008). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. There is no "probability requirement at the pleading stage," id. at 556, but "something beyond . . . mere possibility . . . must be alleged[.]" Id. at 557-58. The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," id. at 555, or must be sufficient "to state a claim for relief that is plausible on its face." Id. at 570. See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court in Twombly referred to this newly clarified standard as "the plausibility standard." Bell Atlantic Corp. v. Twombly, 550 U.S. at 560 (abandoning the "no set of facts" language from Conley v. Gibson).

On a motion to dismiss under Rule 12(b)(6), the Court must accept as true all of the factual allegations contained in the complaint. See Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. The complaint "is construed liberally in the [plaintiff's] favor, and [the Court should] grant [the plaintiff] the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions. See id. See also Ashcroft v. Iqbal, 129 S. Ct. at 1949-50.

4

III. DISCUSSION

The District of Columbia moves to dismiss plaintiffs' claims for personal injury (which it appropriately construes as a claim for assault and battery), false arrest and imprisonment, and intentional infliction of emotional distress as untimely. It also moves to dismiss plaintiff's claim under Section 1983 for failure to state a claim.

*A. Statute of Limitations*

The statute of limitations for assault, battery, false arrest, and false imprisonment in the District of Columbia is one year. See D.C. Code § 12-301(4). Plaintiff's claims for these torts all arise out of the incident that occurred on April 21, 2007. A cause of action for a tort claim accrues "at the time the plaintiff's interest is invaded or at the time the tortious act is committed which causes injury." Nat'l R.R. Passenger Corp. v. Krouse, 627 A.2d 489, 494 (D.C. 1993). The statute of limitations began to run on the date that the alleged events occurred, April 21, 2007, and expired one year later on April 21, 2008. Plaintiff's present complaint was filed in the Superior Court of the District of Columbia on June 26, 2009, more than a year after the statute of limitations had run. The fact that plaintiff had an earlier case that was dismissed without prejudice does not affect the calculation of whether the statute of limitations has run. See Dupree v. Jefferson, 666 F.2d 606, 611 (D.C. Cir. 1981) ("under District of Columbia law the pendency of an action involuntarily dismissed without prejudice does not operate to toll the running of the statute of limitations"); Sayyad v. Fawzi, 674 A.2d 905, 906 (D.C. 1996). Plaintiff gives no response to the District of Columbia's straightforward argument that the statute of limitations has expired. The Court concludes that plaintiff's claims for assault, battery, false

5

arrest and false imprisonment are all barred by the statute of limitations. Thus, Counts One and Two must be dismissed.

The District of Columbia further argues that the one-year statute of limitations also applies to plaintiff's claim for intentional infliction of emotional distress. The District of Columbia Court of Appeals has stated that "in certain cases where intentional infliction of emotional distress was included among a number of alleged torts, the one-year statute of limitation has been applied where the nature of the action rested on the other torts and the emotional distress aspect of the claim was essentially an outgrowth of the other pleaded torts." Saunders v. Nemati, 580 A.2d 660, 662 (D.C. 1990). The court in Saunders went on to hold, however, that "an independent action for intentional infliction of emotional distress, not intertwined with any of the causes of action for which a period of limitation is specifically provided in the other provisions of section 12-301, is governed by the general residuary three-year limitation of section 12-301(8)." Id. at 665. The United States Court of Appeals for the District of Columbia Circuit subsequently applied Saunders to determine that the one-year statute of limitations governed an intentional infliction of emotional distress that was intertwined with a claim of battery. See Rendall-Speranza v. Nassim, 107 F.3d 913, 920 (D.C. Cir. 1997); see also Tafler v. District of Columbia, Civil Action No. 05-1563, 2006 U.S. Dist. LEXIS 81714 at *22-24 (D.D.C. Nov. 8, 2006).

Here, plaintiff's claim for intentional infliction of emotional distress is based on the same events as her claims for assault, battery, false arrest and false imprisonment — namely, the alleged events that occurred on the evening of April 21, 2007. She does not allege any separate tortious conduct in support of this claim. See Compl. ¶¶ 30-33. The one-year statute of

limitations therefore applies to plaintiff's claim for intentional infliction of emotional distress, and the Court therefore must also dismiss Count Three as time-barred.

*B. Plaintiff's Section 1983 Claim*

In Count Six of her complaint, plaintiff alleges that Officers Spears, Monk, and Ha violated her rights under the Fourth and Fifth Amendments and that as a result of their actions, the District of Columbia is liable pursuant to Section 1983 of Title 42 of the United States Code. In relevant part, Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

In order to hold a municipality liable for civil rights violations under Section 1983, the municipality must have acted in accordance with a "government policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell v. Dep't of Social Servs., 436 U.S. 658, 694, (1978); see Feirson v. District of Columbia, 506 F.3d 1063, 1066 (D.C. Cir. 2007) ("To impose liability on the District under 42 U.S.C. § 1983, [plaintiff] must show 'not only a violation of [her] rights under the Constitution or federal law, but also that the [District's] custom or policy caused the violation.'") (citing Warren v. District of Columbia, 353 F.3d 36, 38 (D. C. Cir. 2004)). To survive a motion to dismiss, a complaint asserting a Section 1983 claim against the District of Columbia must

7

allege that a policy that resulted in the alleged constitutional violation existed. See Muhammad v. District of Columbia, 584 F. Supp. 2d 134, 138 (D.D.C. 2008).

Plaintiff's allegations regard the acts by the individual officers on the night of April 21, 2007. With regard to the District of Columbia's liability on her Section 1983 claim, she asserts only that "[t]he conduct of Defendant Officer Separs and Officer Monk and Ha as agents, servants and/or employees of Defendant District of Columbia occurred under the color of law, including existing statutes, ordinances, regulations, customs and policies of the District of Columbia . . ." Compl. ¶ 46. These allegations standing alone are insufficient to state a claim against the District of Columbia under Section 1983 because they do not identify a custom or policy by the District of Columbia that resulted in the alleged constitutional violations. See Atchinson v. District of Columbia, 73 F.3d 418, 422 (D.C. Cir. 1996) ("a section 1983 complaint alleging municipal liability must include some factual basis for the allegation of a municipal policy or custom"); Jones v. Quintana, 658 F. Supp. 2d 183, 197 (D.D.C. 2009).

Count Six of plaintiff's complaint — the Section 1983 claim — also incorporates by reference all of the allegations preceding it in the Complaint. See Compl. ¶ 45. As such, the Court considered whether plaintiff's allegations in Count Five against the District of Columbia for negligent supervision, training, and maintenance of personnel, adequately alleged a custom or policy that would give rise to liability by the District of Columbia under Section 1983. In Count Five plaintiff alleges that the District of Columbia had a duty of "training and education of police members in connection with Federal Constitutional and District of Columbia laws and regulations; and adequate supervision, control, evaluation, and corrective action in connection with policy personnel" and that the District of Columbia "negligently" failed to do so. See id.

¶¶ 39-40. For a municipality's failure to train its officers or employees to amount to a violation of Section 1983, the failure must "'amount[] to deliberate indifference' towards the constitutional rights of persons in its domain." Kivanc v. Ramsey, 407 F. Supp. 2d 270, 278 (D.D.C. 2006) (quoting Daskalea v. District of Columbia, 227 F.3d at 441). Nowhere does plaintiff allege this level of failure by the District of Columbia in its training of MPD officers — in fact, plaintiff specifically alleges that the training was only negligent. Moreover, plaintiff's allegations with regard to negligent training incorporate the doctrine of *respondeat superior*, see Compl. ¶ 42, which is never a basis for liability under Section 1983. See City of Canton v. Harris, 489 U.S. 378, 385 (1989) (citing Monell v. New York City Dep't of Social Services, 436 U.S. 658, 694-94 (1978)). Even if the Court were to incorporate the allegations in Count Five into plaintiff's Section 1983 claim, they do not state a claim regarding a custom or policy by the District of Columbia that would be actionable under Section 1983. Count Six of the Complaint will be dismissed for failure to state a claim.

  An Order to accompany this Memorandum Opinion will issue this same day.

  SO ORDERED.

             __/s/_____
             PAUL L. FRIEDMAN
             United States District Judge

DATE: March 29, 2010